**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ISMAEL PADILLA, #356764** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-0485-L (BK)** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court did not direct Respondent to file an answer. For the reasons that follow, it is recommended that the habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

## I. BACKGROUND

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon and was sentenced to a 50-year term of imprisonment. *State v. Padilla*, No. F83-88766 (203rd Judicial District Court, Dallas County May 3, 1983). The court of appeals affirmed his conviction. (Doc. 3 at 3.) Thereafter, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Padilla v. Johnson*, 3:90-CV-1359-D (N.D. Tex. Oct. 24, 1991) (accepting findings and recommendation denying habeas relief) (Attachment I), *certificate of*

*probable cause denied*, No. 91-7222 (1991).

In this action, Petitioner again seeks to challenge his 1983 aggravated robbery conviction. In three grounds, he alleges he was entitled to a psychiatrist evaluation, a fair trial, and adequate representation. (Doc. 3 at 6-7.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain

such an order before he can file a successive petition for habeas relief under section 2254 challenging his 1983 criminal conviction. Therefore, the section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's successive petition for writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED February 22, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT I**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 24 1991
NANCY DOHERTY, CLERK
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISMAEL PADILLA )
)
VS. ) CA3-90-1359-D
)
DIRECTOR, TEXAS DEPARTMENT OF )
CRIMINAL JUSTICE )

JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED AND DECREED that the petition be, and it is hereby, denied and dismissed.

IT IS FURTHER ORDERED that the Clerk shall transmit a true copy of this order and the order adopting the Findings, Conclusions and Recommendation of the United States Magistrate Judge to Petitioner and Respondent.

SIGNED AND ENTERED this 24th day of October, 1991.

[signature]
UNITED STATES DISTRICT JUDGE

ENTERED ON DOCKET ______ PURSUANT
TO F. R. C. P. RULES
58 AND 79a.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 24 1991
NANCY DOHERTY, CLERK
By ______________
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISMAEL PADILLA )
)
VS. ) CA3-90-1359-D
)
DIRECTOR, TEXAS DEPARTMENT )
OF CORRECTIONS

O R D E R

After making an independent review of the pleadings, files and records in this case, and the findings, conclusions and recommendation of the United States Magistrate Judge, I am of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendation of the United States Magistrate Judge are adopted.

SIGNED AND ENTERED this 24th day of October, 1991.

[signature]
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 30 1991
NANCY DOHERTY, CLERK
By ______________
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISMAEL PADILLA ]
]
]
VS. ] NO. CA-3-90-1359-D
]
DIRECTOR, TEXAS DEPARTMENT ]
OF CORRECTIONS ]

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of this court, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

This is an application for habeas corpus, brought pursuant to the provisions of 28 U.S.C. §2254 by an inmate of the Texas Department of Corrections. Petitioner seeks relief from a 50 year prison sentence which was imposed upon him in 1983 by the 203rd Judicial District Court of Dallas County, Texas, following his plea of guilty, before a jury, to the felony offense of aggravated robbery in Cause No. F-83-88766-UP. The conviction was affirmed by the Court of Appeals for the Fifth Supreme Judicial District of Texas in an unpublished opinion. Petitioner did not seek discretionary review by the Texas Court of Criminal Appeals, but he did seek habeas corpus in the state courts pursuant to the provisions of Art. 11.07 of the Texas Code of

Criminal Procedure without success. The record reflects that petitioner has exhausted his available state remedies.

Petitioner's sole ground for relief is his claim that there was no evidence to support his plea of guilty, in that there was no evidence that he was in possession of a rifle, as charged in the indictment. Whatever merit such a claim may have under state law,[1] it is settled that it does not furnish a basis for federal habeas corpus relief. Kelley v. State of Alabama, 636 F. 2d 1082 (5th Cir. 1981); Smith v. McCotter, 786 F. 2d 697, 702 (5th Cir. 1986).

RECOMMENDATION:

I recommend that all relief requested be denied.

Signed this 30th day of August, 1991.

Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[1]The state habeas court noted that both the victim and a co-defendant testified that petitioner was in possession of a rifle, and that his judicial confession likewise conceded that he possessed a rifle at the time of the robbery.